UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMAN T. GONZALES,<br><br>           Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>           Defendant. | Case No. 4:20-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff Roman Gonzales' Motion in Limine to Limit Testimony of BEA's Non-Retained Expert Witnesses (Dkt. 74). For the reasons explained below, the Court will partially grant and partially deny the Motion.

# BACKGROUND[1]

During discovery in this case, Defendant Battelle Energy Alliance, LLC (BEA) asserted the attorney-client privilege and work product doctrine to withhold and redact numerous communications between its employees and its in-house attorneys. BEA identified each withheld or redacted document in a privilege log,

---

[1] For additional background, see the Court's prior Memorandum Decision and Order entered at Dkt. 93.

MEMORANDUM DECISION AND ORDER-1

which it provided to Plaintiff Roman Gonzales. *Casperson Decl.*, Ex. B & C, Dkts. 76-4 & 76-5.

On July 23, 2021, BEA served Gonzales with an expert witness disclosure identifying five non-retained experts who are expected to testify at trial. *Casperson Decl.*, Ex. A, Dkt 76-3.[2] Each individual was an employee of BEA who was, to some extent, personally involved in Gonzales' decertification or termination. BEA also provided a list of the subjects about which each expert will testify.

As it turns out, several of the communications BEA withheld and redacted during discovery involved the same individuals it identified as non-retained expert witnesses. Emphasizing that fact, Gonzales filed a motion seeking to bar BEA's non-retained experts from offering any testimony at trial. Dkt. 74. He argued that BEA's assertion of privilege effectively "converted" its non-retained experts into "hybrid experts" who were subject to the more demanding reporting requirements of Federal Rule of Civil Procedure 26(a)(2)(B)—requirements they did not satisfy. *Pl.'s Memo. in Supp.* at 2, Dkt. 76. Gonzales provided an appendix identifying each communication that BEA had improperly withheld or redacted as privileged. Appendix A, Dkt. 76-1. And, ultimately, Gonzales asked the Court to either prohibit the non-retained experts from testifying or, "[a]t a minimum," require

---

[2] BEA identified the following individuals as non-retained expert witnesses: Dr. Allison Clark, Dr. Stewart Curtis, Sara Malm, Dr. Martin Mangan, and Kenneth Minnix. Each of these individuals except Mr. Minnix is identified as a witness on BEA's Witness List (Dkt. 90).

**MEMORANDUM DECISION AND ORDER-2**

BEA to produce the withheld and redacted communications. *Pl.'s Memo. in Supp.* at 2, Dkt. 76.

In response to Gonzales' Motion, BEA conceded that the attorney-client privilege is impliedly waived as to communications between non-retained experts and in-house counsel. And, to save the Court "the time and trouble" of making individualized waiver determinations, BEA voluntarily produced all of the communications that Gonzales had identified in Appendix A. According to BEA, that voluntary disclosure rendered Gonzales' Motion moot.

Gonzales disagrees. He maintains that BEA's disclosure is "too little too late" because it deprived him of the opportunity to conduct depositions or follow-up inquiries while discovery was still open. The only adequate remedy, he believes, is to prohibit BEA's non-retained experts from offering expert testimony at trial. *Reply* at 2, Dkt. 81.

## LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, they are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Rulings on motions in limine are preliminary opinions that are "entirely within the discretion of the district court."

*Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Further, such rulings are provisional and therefore "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, at trial, the Court will entertain objections on individual proffers as they arise, even though the proffer falls within the scope of a denied motion in limine. *See Luce*, 469 U.S. 38 at 41–42 ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## ANALYSIS

The question before the Court is whether to exclude or limit the testimony of BEA's non-retained experts. Gonzales offers three independent grounds for doing so, which the Court will address in the order raised.

**1.   Lack of Expert Witness Reports**

Gonzales first argues that BEA's non-retained experts should be barred from testifying because they did not file expert witness reports under Federal Rule of Civil Procedure 26(a)(2)(B). Generally, non-retained experts are not required to file such reports. But according to Gonzales, BEA's non-retained experts were "convert[ed]" to reporting experts because they engaged in "extensive" communications with in-house counsel during the time in question, and because BEA withheld those communications during discovery.

Gonzales is right about one thing: the attorney-client privilege and work product doctrine do not protect communications between a non-retained expert and legal counsel to the extent that those communications "relate to the topics of [the non-retained expert's] testimony." *Oasis Med., Inc. v. Biocia Inc.*, Case No.CV 21-08879-SPG (AGRx), 2024 WL 1424930, at *5 (C.D. Cal. Mar. 28, 2024) ("The majority of cases, including district court cases in this circuit, find an implicit waiver for the subject matters of a non-retained expert's proposed expert testimony."). Here, then, BEA should not have shielded communications between its non-retained experts and in-house counsel that pertained to its experts' testimony. But BEA has already conceded this point and provided Gonzales with all the materials identified in Appendix A. *See Def.'s Memo. in Resp.* at 7, Dkt. 77.

Gonzales goes too far in arguing that the non-retained experts' interactions with in-house counsel "convert[ed]" them into "reporting experts" subject to Rule 26(a)(2)(B). As reflected in BEA's expert witness disclosures, each witness' testimony stems from his or her own interactions with Gonzales or personal involvement in the investigation and decision regarding Gonzales' decertification and termination. In other words, that testimony is rooted in the witness' own percipient observations rather than "information provided by others." *United States v. Sierra Pacific Indus.*, No. CIV S-09-2445 KJM EFB, 2011 WL 2119078, *4 (E.D. Cal. May 26, 2011). To be sure, there is evidence suggesting that the witnesses and

MEMORANDUM DECISION AND ORDER-5

in-house counsel attended the same meetings where Gonzales' medical certifications and employment were discussed. *See, e.g.*, Dkt. 26-6 ("Previous meeting with medical, legal, management indicated Roman needs to decide to stay on RX Hydrocodone or taper off, needs to taper off prior to re-evaluation for HRP."). Still, Gonzales has provided no authority for its position that those interactions automatically transformed BEA's witnesses into retained experts. *See Timpson by and through Timpson v. Anderson County Disabilities and Special Needs Board*, 31 F.4th 238, 253 (4th Cir. 2022) ("Hybrid witnesses—fact witnesses with expertise that will inform their testimony—do not fall under Rule 26(a)(2)(B)'s purview.").

That said, Gonzales is not all wrong. He raises a legitimate concern that BEA's witnesses will offer opinions based on what they were told by in-house counsel. The Court will therefore make clear that BEA's non-retained experts cannot offer expert opinions that are based upon information they received from in-house counsel. That is, like treating physicians, these witnesses may only testify about their own percipient observations, and opinions they formed as a result of those observations. *Indianapolis Airport Authority v. Travelers Property Casualty Co. of America*, 849 F.3d 355, 371 (7th Cir. 2017) ("As hybrid fact/expert witnesses, they must testify from the personal knowledge they gained on the job. That personal knowledge requirement may limit their testimony."). The burden will be on BEA to

**MEMORANDUM DECISION AND ORDER-6**

show that a witness' opinion is based upon his or her own percipient observations and not upon statements made by in-house counsel.

One final point. The Court is not ignoring the prejudice Gonzales suffered due to BEA's broad assertion of privilege during discovery. Nor does the Court believe that BEA's recent disclosure entirely cures that prejudice. With discovery closed, Gonzales has lost the opportunity to conduct depositions and follow-up discovery related to the withheld and redacted communications. Nevertheless, for two reasons, the Court believes that excluding BEA's witnesses altogether would not be an appropriate remedy.

First, BEA's disclosure—although delayed—was made well before trial. In the meantime, Gonzales could have asked to reopen discovery for the limited purpose of probing any new revelations—a request the Court likely would have granted.[3] Second, the prejudice to Gonzales appears slight. He has identified only a few items within the recent disclosures that might bear on his claims. These include an email from Dr. Mangan to in-house counsel about Employee 165, an email reflecting in-house counsel's involvement in issuing a Statement of Understanding to Employee 165, and an email indicating that Employee 165 was allowed to provide

---

[3] To be clear, the Court is not suggesting that it was Gonzales' responsibility to contest BEA's assertion of attorney-client privilege during discovery. Nevertheless, the fact that Gonzales did not seek to reopen discovery following BEA's late disclosures does indicate that those disclosures did not contain any paradigm-shifting revelations.

his or her medical records and undergo psychological testing. *Pl.'s Reply* at 4, Dkt. 81. The Court does not doubt Gonzales' representation that he would have sought follow-up discovery if these disclosures had been made earlier. At the same time, the disclosures do not appear to have contained any substantial revelations that would in fairness *require* an opportunity for additional discovery.

In sum, BEA's non-retained experts may testify to their own observations and opinions they formed from those observations. However, BEA will bear the burden of establishing that its witnesses formed their opinions based upon their own percipient observations, not upon information they received from in-house counsel.

**2.    Adequacy of Expert Witness Disclosures**

Next, Gonzales argues that BEA failed to satisfy even the less demanding disclosure requirements that apply to non-retained experts under Rule 26(a)(2)(C). For each non-retained expert witness, a party must (i) identify the subject matter of the expert's testimony and (ii) provide a summary of the facts and opinions he or she will express. FED. R. CIV. P. 26(a)(2)(C). Although this standard is relatively low, expert disclosures must be sufficient to enable the opposing party to make informed decisions about which witnesses to depose or cross-examine. *Cepero v. Las Vegas Metro. Police Dep't*, No. 211CV01421JADNJK, 2020 WL 495515, at *3 (D. Nev. Jan. 30, 2020).

MEMORANDUM DECISION AND ORDER-8

At the outset, Gonzales concedes that *one* of BEA's expert disclosures was likely adequate. BEA disclosed that Dr. Curtis will testify to his "determination that under 10 CFR Part 1046, Gonzales's chronic use of opioid medication precluded Gonzales's ability to safely and reliably perform many of the protective force essential functions listed in the standard, and impeded Gonzales's ability to safely and reliably carry out duties of the mission essential task list." *Casperson Decl.*, Ex. A at 5, Dkt. 76-3. The Court agrees—this disclosure easily satisfies Rule 26(a)(2)(C) because it identifies the subject matter of Dr. Curtis' testimony and summarizes the opinions that he will express.

Turning to BEA's other expert disclosures, the analysis becomes more difficult. For example, BEA disclosed that each witness will testify to "[t]he requirements of, and necessity for, HRP certification to perform the functions of a Security Police Officer ("SPO"), including the use of prescription medication under the HRP certification and the safety of performing the functions of a SPO." *Casperson Decl.*, Ex. A at 4–9, Dkt. 76-3.[4] Gonzales is right that this disclosure is no model of clarity. That said, after careful review, the Court finds that the disclosure is nevertheless adequate, although barely so. Although passively phrased, the disclosure reveals that the witnesses will testify that HRP certification is required

---

[4] Ms. Malm's disclosure is stated more narrowly than the others, covering only "[t]he requirements of, and necessity for, HRP certification to perform the functions of a SPO." *Casperson Decl.*, Ex. A at 7, Dkt. 76-3.

and necessary for an employee who performs the functions of an SPO. The law does not require BEA to identify each component part of the opinions its experts will express. The law demands only a summary, and that is what BEA has provided. Ultimately, the Court concludes that BEA provided Gonzales with enough information to adequately conduct discovery and prepare for trial.[5]

Most of BEA's other disclosures are related to *facts* about which its experts will testify. The disclosures likewise contain adequate summaries under Rule 26(a)(2)(C), including those related to: Gonzales' referral for medical evaluation; Gonzales' compliance with BEA's request for information for HRP certification; the investigation and decision regarding Gonzales' compliance with, and ability to maintain, medical certifications; Gonzales' temporary removal from the HRP; the provision of information about what Gonzales must do to maintain HRP certification; reports about Gonzales' representations to BEA and the impact of those reports on his HRP certification; Gonzales' use of prescription medications and the issuance of an MRO Negative for Hydrocodone/Hydromorphone; and Gonzales' attempts to avoid examination by Dr. Mangan.[6]

---

[5] As explained below, the Court will for other reasons limit testimony related to the applicable legal requirements.
[6] As an aside, much of this testimony appears more like lay witness testimony than expert testimony. Lay witness testimony need not be disclosed under Rule 26(a)(2)(C).

**MEMORANDUM DECISION AND ORDER-10**

Two of BEA's disclosures, however, are inadequate. First, BEA disclosed that Dr. Clark, Dr. Curtis, and Ms. Malm will offer their "[e]valuation[s] of Gonzales's use of prescription medication and compliance with the requirement of Gonzales's HRP certification."[7] Under Rule 26(a)(2)(C), expert disclosures must *both* (i) identify the subject matter of the anticipated testimony *and* (ii) summarize the facts or opinions that will be expressed. BEA satisfied the first requirement by providing a "general overview of the topics upon which" the witnesses will testify. *Amezcua v. Boon*, 754 Fed.Appx. 551, 553 (9th Cir. 2018). It did not, however, go on to summarize the opinions that its witnesses will express. Ultimately, the rules are the rules—they mean what they say and say what they mean. BEA's disclosure does not comply with Rule 26(a)(2)(C), and BEA has not shown the inadequacies to be "substantially justified or harmless." FED. R. CIV. P. 37(c)(1).[8] Accordingly, the Court will not permit Dr. Clark, Dr. Curtis, or Ms. Malm to offer expert testimony pursuant to this disclosure.[9]

---

[7] Ms. Malm's disclosure is narrower than Dr. Curtis' and Dr. Clark's disclosures, but that difference does not matter for purposes of this analysis.

[8] Under the circumstances, the Court need not consider alternative sanctions. "A party facing sanctions under [Rule 37(c)(1)] bears the burden of showing that a sanction other than exclusion is better suited to the circumstances. [. . .] [T]o require district courts to consider lesser sanctions without a motion 'would collapse the rule's provision of automatic exclusion of undisclosed evidence (except where harmless or substantially justified), with the option of alternative or additional sanctions on a party's motion, into an open-ended approach that is divorced from the text of the rule.'" *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

[9] The witnesses may, however, offer such testimony to the extent it falls within another adequate disclosure.

**MEMORANDUM DECISION AND ORDER-11**

BEA also included catch-all disclosures for each witness purporting to cover "[a]ny other information pertaining to [the witness'] evaluation and meetings with Gonzales relevant to this matter." This catch-all provision has no effect because it neither identifies the subject matter nor the facts and opinions that will be expressed. *See* FED. R. CIV. P. 26(a)(2)(C). Accordingly, BEA's witnesses will not by virtue of this catch-all have additional latitude to testify on matters that were not otherwise identified in their expert witness disclosures.

### 3.     Legal Opinions

Finally, Gonzales asks the Court to prohibit BEA's non-retained experts from offering legal opinions related to the requirements found in 10 C.F.R. § 712 and 10 C.F.R. § 1046. It is well-established that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002)). Rather, it is "the distinct and exclusive province" of the court to instruct the jury on the law. *Id.* (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)).

The parties disagree about which medical certification requirements applied to Gonzales. Before deliberations begin, the Court will have to resolve that disagreement and instruct the jury accordingly. Permitting BEA's experts to offer

their own interpretations of the law during trial would confuse the jury and invade the Court's exclusive province. *See, e.g.*, *Nationwide Transport Finance v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008) (affirming exclusion of expert testimony regarding the applicability of the UCC). Accordingly, BEA's witnesses may not testify to their own interpretations of the regulatory requirements, unless their interpretations have independent significance.[10]

## ORDER

**IT IS ORDERED that** Gonzales' Motion in Limine to Limit Testimony of BEA's Non-Retained Expert Witnesses (Dkt. 74) is **GRANTED, in part, and DENIED, in part,** as set forth above.

DATED: July 30, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[10] A witness may be permitted to testify to his or her understanding of the medical certification requirements if that understanding is itself relevant to an issue in the case. To succeed on his claim of race or national origin discrimination, Gonzales must show that BEA took an adverse employment action against him *because of* his race or national origin. BEA may argue that it terminated Gonzales for a different reason—namely, because it believed he was disqualified under the applicable regulations. Under that theory, testimony bearing on BEA's understanding of the regulations, even if that understanding is mistaken, would have independent relevance and would likely be admissible.

MEMORANDUM DECISION AND ORDER-13