UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMAN T. GONZALES,<br><br>        Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>        Defendant. | Case No. 4:20-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Battelle Energy Alliance, LLC's Motion for Protective Order (Dkt. 94) and Plaintiff Roman Gonzales' Motion to Strike (Dkt. 113). For the reasons explained below, the Court will deny both motions.

## BACKGROUND

This is an employment discrimination lawsuit brought by Plaintiff Roman Gonzales against his former employer, Battelle Energy Alliance (BEA). Gonzales claims, among other things, that BEA treated him differently than it treated Caucasian employees, making race-based assumptions about his use of prescription pain medications. To prove his case, Gonzales intends to present evidence demonstrating how other similarly situated employees ("Comparators") were treated.

During discovery, Gonzales sought the medical records and personnel files of other employees in the Human Reliability Program (HRP). Citing privacy concerns, BEA initially refused to produce those materials. A lengthy discovery dispute process followed, culminating in a November 2021 Court Order (Dkt. 33) requiring BEA to produce the documents, with certain limitations, and a March 2023 decision holding BEA in contempt for its failure to comply with the November 2021 Order, *see Minute Entry*, Dkt. 60. Eventually, BEA produced the personnel records with the Comparators' names redacted. Throughout this case, the Comparators have been referred to by number.

With trial approaching, Gonzales now seeks to identify three Comparators who he intends to call as witnesses at trial: Employee 159, Employee 165, and Employee 180. BEA objects on two grounds. First, it argues that Gonzales' request for the Comparators' identities is untimely. And second, BEA argues that identifying those individuals would seriously invade their privacy.

Gonzales acknowledges the privacy interests at stake but proposes a two-step solution. First, the three Comparators should be asked if they are comfortable testifying at trial. Then, if a Comparator is not comfortable testifying at trial, Gonzales should be permitted to conduct a video deposition prior to trial wherein the Comparator's identity is obscured. During trial, the anonymous Comparator

would be referred to by a pseudonym and the deposition testimony would be limited as needed to protect the person's identity.

This issue now comes before the Court on BEA's Motion for Protective Order Re: Comparator Names (Dkt. 94). Specifically, BEA seeks a Court order holding that BEA is not required to disclose the identities of any Comparators in this case. The Motion is briefed and ripe for decision.

## LEGAL STANDARD

In general, "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Upon finding "good cause," however, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (cleaned up).

When a party seeks a protective order based upon privacy concerns, courts in the Ninth Circuit consider several factors (the "*Glenmede* factors"). Those factors

MEMORANDUM DECISION AND ORDER - 3

are: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *In re Roman Catholic Archbishop*, 661 F.3d at 424 n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Finally, after reviewing the relevant factors, courts must consider whether any protective measures could be taken that would enable the disclosure. *Id.* at 425 ("[A] court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("[T]he limited number of third-party medical and personnel records [could] be redacted easily to protect third-party privacy interests while leaving other meaningful information.").

## ANALYSIS

### 1. Timeliness

As noted during the pretrial conference, timeliness will not be the deciding factor on this issue. A lengthy discovery dispute over the employee files created

**MEMORANDUM DECISION AND ORDER - 4**

something of a quagmire in this case. Emerging from that bog, the parties formed different but reasonable understandings of how the redacted employee files could be used during the remainder of the litigation. Gonzales assumed that, having won the battle for access to the employee files, he would be able to call those individuals as witnesses at trial—a task that would necessarily entail obtaining the individuals' identities. BEA, in contrast, assumed that if Gonzales wished to call any of the Comparators as witnesses at trial, he would have sought their identities earlier in the litigation and conducted follow-up discovery or depositions at that time.

Clearly, communication between counsel could have been better. And to be sure, Gonzales would have been well-advised to raise this issue earlier than 30 days before trial. At the same time, however, the Court disagrees with BEA's characterization of Gonzales' request for the Comparators' identities as a brand-new discovery request. *See Def.'s Memo. in Supp.* at 4–5, Dkt. 94-1 (discussing cases involving untimely discovery requests). The Court previously ordered BEA to disclose the Comparators' records because "[e]vidence of similarly situated employees is relevant and probative" to employment discrimination claims. Dkt. 33 at 7. To *use* that evidence at trial, however, Gonzales must be able to lay foundation and develop those records through witness testimony. The Court will not bar Gonzales from doing so simply because his attorneys could have raised this issue sooner.

**MEMORANDUM DECISION AND ORDER -5**

## 2.     Disclosure of Comparator Identities

Turning to the merits of BEA's motion, the Court must balance "the need for the information sought against the privacy right asserted." *Hounshel v. Battelle Energy Alliance, LLC*, No. 4:11–cv–00635–BLW, 2013 WL 5375833, at *1 (D. Idaho Sept. 24, 2013). For its part, BEA highlights the significant privacy interests that the non-party employees have in preventing their names and medical records from being publicly disclosed and discussed at trial. *Id.* Gonzales, on the other hand, argues that he has a strong "need for the information sought" because comparators are essential to "demonstrate discriminatory motive in [] civil rights case[s]." *Pl.'s Memo. in Opp.* at 7, Dkt. 105.

The first and third *Glenmede* factors weigh in BEA's favor. Non-parties who have not injected themselves into this case have significant privacy interests in their medical records and medication histories. *See Whalen v. Roe*, 429 U.S. 589, 599–600 (1977). Requiring those individuals to testify about their confidential medical information at a public trial would unquestionably violate their privacy and cause embarrassment.

The second and fifth *Glenmede* factors weigh in Gonzales' favor. Gonzales has a legitimate reason for identifying the Comparators—namely, to lay foundation for and develop evidence that this court previously ordered BEA to disclose. Moreover, fundamental fairness is on Gonzales' side. BEA intends to call its own

employees as witnesses to testify, among other things, about BEA's treatment of the Comparators. Without the ability to present the testimony of the Comparators themselves, Gonzales would be left powerless to rebut the narrative offered by BEA's own employee-witnesses.[1]

Having reviewed the relevant factors, the Court must now balance the competing interests and consider whether any protective measures could mitigate BEA's privacy concerns. At the outset, it is crucial to note that Gonzales is not demanding a wholesale public disclosure of the Comparators' identities. He is, instead, "willing to take whatever action is necessary to protect the identity of these employees"—namely, by giving them the choice of either testifying publicly at trial or anonymously at pretrial depositions. *Pl.'s Memo. in Opp.* at 8, Dkt. 105.

Keeping Gonzales' limited request in mind, the balance of interests looks quite different. BEA's strongest point—the significant privacy interests at stake—loses its potency under Gonzales' tailored approach. At most, Comparators may endure some embarrassment as a result of having to discuss their medical records and medication histories with attorneys during pretrial depositions. But so long as their anonymity is assured, those individuals' privacy interests will remain largely unaffected.

---

[1] The fourth, sixth, and seventh *Glenmede* factors do not decisively weigh in either direction.

**MEMORANDUM DECISION AND ORDER -7**

BEA dedicates the bulk of its reply brief to arguing that Gonzales and the Comparators were not "substantially similar in all material ways." *Def.'s Reply* at 10, Dkt. 112 (arguing that the Comparators are "so dissimilar from Plaintiff[]" that they are not "proper comparator[s] for trial."). That may be true, but that is an argument for the jury to consider. For one thing, the Court does not have a sufficient record upon which to evaluate the similarities and differences between Gonzales and the Comparators. And more importantly, BEA has not identified any legal basis upon which the Court could exclude the Comparators' testimony. [2] During trial, BEA may argue that its treatment of Gonzales was consistent with its treatment of the Comparators. For now, though, the only question is whether BEA should be required to identify the Comparators so that Gonzales can obtain their testimony.

In sum, Gonzales has proposed a sensible solution and BEA has not shown why that solution would not adequately protect the Comparators' privacy interests.[3] The Court will therefore deny BEA's request for a protective order. BEA shall provide Gonzales with the identities of Employee 159, Employee 165, and

---

[2] BEA's own case law illustrates this point. It relies, for example, on the Ninth Circuit's decision in *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 206). There, the court indeed analyzed whether the plaintiffs and other individuals were "similarly situated." *Id.* at 755. They important difference, however, is that the issue *Moran* arose on the defendants' motion for summary judgment.

Here, BEA never filed a motion for summary judgment on Gonzales' discrimination claims. Instead, it filed a Motion for Protective Order (Dkt. 94) arguing simply that there is good cause to shield the Comparators' identities. In this context, the Court sees no legal basis for making the kind of fact-based determinations that BEA advocates in its reply brief.

[3] Indeed, BEA did not even mention Gonzales' proposal in its reply brief.

**MEMORANDUM DECISION AND ORDER -8**

Employee 180. The individuals' identities (including all communications and other materials containing those identities) shall be treated as "Confidential" under the Protective Order (Dkt. 15) entered in this case.

Gonzales may contact the Comparators and provide them with the options of (1) testifying publicly at trial or (2) testifying at pretrial depositions in which their identities will be protected. If a Comparator chooses to remain anonymous, the parties shall confer and implement any protective measures necessary to prevent the Comparator's identity from being disclosed.

3. **Plaintiff's Motion to Strike (Dkt. 113)**

Also pending is a Gonzales' Motion to Strike Defendant's Reply to [Motion] for Protective Order (Dkt. 113). Gonzales objects that BEA's reply brief (Dkt. 112) expands its Motion for Protective Order (Dkt. 94) into what is "functionally a summary judgment or a motion in limine." Gonzales seeks to strike the reply brief or, at minimum, to file a sur-reply.

As explained above, the Court agrees that BEA's reply brief advocates an outcome more akin to summary judgment than entry of a protective order. At the same time, the Court does see the connection between BEA's arguments and its request for a protective order. Namely, BEA takes the position that Gonzales' need for the Comparators' identities is low because those individuals were not similarly situated. *Def.'s Reply* at 3, Dkt. 112 ("[T]his Court does not have the necessary

MEMORANDUM DECISION AND ORDER -9

baseline to make a fact-based decision regarding whether the proposed comparators are sufficiently similar to Plaintiff *to justify an invasion of their substantial privacy interests*."). Gonzales does not dispute that his "need for the information sought" is relevant to whether a protective order is justified. *Hounshel*, 2013 WL 5375833 at *1; *see Pl.'s Memo. in Opp.* at 9, Dkt. 105.

The Court will not strike BEA's reply brief because, although it is somewhat off base, it can be reasonably understood as falling within the scope of BEA's Motion for Protective Order (Dkt. 94).

## ORDER

IT IS ORDERED that:

1. Defendant Battelle Energy Alliance, LLC's Motion for Protective Order (Dkt. 94) is **DENIED**. As set forth in this Order, BEA shall provide Gonzales with the names of Employee 159, Employee 165, and Employee 180; and

2. Plaintiff Roman Gonzales' Motion to Strike Defendant's Reply to [Motion] for Protective Order; Response to Plaintiff's Compar[a]tor Justifications (Dkt. 113) is **DENIED**.

DATED: August 1, 2024

B. Lynn Winmill
U.S. District Court Judge