UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMAN T. GONZALES,<br><br>   Plaintiff,<br><br>   v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>   Defendant. | Case No. 4:20-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Battelle Energy Alliance's Motion to Stay Enforcement of Judgment Pending Appeal and to Approve Supersedeas Bond (Dkt. 178). The Court will grant the Motion.

# BACKGROUND

Plaintiff Roman Gonzales filed this employment discrimination lawsuit against Battelle after being terminated from his position as a Security Police Officer. A jury found in his favor in August 2024 and awarded $460,447.18 in damages. The Court subsequently awarded $99,894.65 in prejudgment interests, $282,324.00 in attorneys' fees, and $9,117.95 in costs. This brought the total money judgment to $851,783.78. The Court also ordered Battelle to reinstate

Gonzales to his former position.

Battelle then filed the present Motion, seeking to stay the execution of the money judgment pending appeal.[1] Consistent with Federal Rule of Civil Procedure 62(b), Battelle obtained a bond of $979,551.35—the award plus 15% for potential further interest and economic damages. Gonzales filed an objection to the amount and argued that it should be 125% the total monetary judgment. Battelle acquiesced to this and obtained an updated bond of $1,064,729.72. *See* Dkt. 188.

## ANALYSIS

Rule 62(d) provides in pertinent part:

> Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Where a supersedeas bond is posted and approved by the district court, Rule 62(d) entitles an appealing party to an "automatic stay" of a money judgment pending resolution of the appeal. *Nat'l Labor Relations Bd. v. Westphal,* 859 F.2d 818, 819 (9th Cir. 1988). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas

---

[1] Battelle separately filed a motion to stay Gonzales' reinstatement. Dkt. 185. That matter is still being briefed, and the present Order staying the money judgment has no bearing on Gonzales' equitable relief.

bond should therefore be required." *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *Westphal,* 859 F.2d at 819.

Rule 62 does not specify the expected amount of the bond on appeal, and district courts have discretion in this regard. *Rachel,* 831 F.2d at 1505 n.1. In general, "the amount of the bond should be sufficient to pay the judgment plus interest, costs and any other relief (e.g. attorney fees) the appellate court may award." *Cotton ex. rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1027-28 (N.D. Cal. 2012). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Id.* at 1029.

Battelle's initial bond was only 115% of the judgment. At Gonzales' request, Battelle has now increased the bond to 125% of the judgment. The Court finds that this amount is adequate to protect Gonzales' interests. Therefore, the Court will grant Battelle's motion for approval of the supersedeas bond in the amount of $1,064,729.72. In addition, and because Rule 62 entitles Battelle to an automatic stay of the money judgment upon posting of an approved bond, the Court will grant Battelle's motion to stay execution of this Court's money judgment pending resolution of the appeal.

## ORDER

1. Defendant's Motion to Stay Enforcement of Judgment Pending Appeal and to Approve Supersedeas Bond (Dkt. 178) is **GRANTED**.

2. The money judgment in favor of Plaintiff entered by this Court on February 20, 2025, is **STAYED** pending resolution of Defendant's appeal to the Court of Appeals for the Ninth Circuit.

DATED: March 13, 2025

_____
B. Lynn Winmill
U.S. District Court Judge