UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMAN T. GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>　　　　Defendant. | Case No. 4:20-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Battelle Energy Alliance's Motion to Stay Reinstatement of Plaintiff (Dkt. 185). The Court will deny the Motion.

## BACKGROUND

The facts are explained in detail in previous rulings and will be repeated here only briefly. *See* Dkts. 175, 176. Plaintiff Roman Gonzales worked for Battelle Energy Alliance from 2005 to 2019. In 2014, he began taking prescription opiates to treat chronic back pain. He informed Battelle of the medication, and Battelle allowed him to remain in his position if he refrained from taking opiates within eight hours of work. The following year, he was placed in the Human Reliability Program, and he consistently received high performance reviews over the next

several years.

In 2018, Battle abruptly became concerned about Gonzales' opiate prescription. The source of these concerns is unclear. Gonzales' pain medication regimen had not changed, and he remained compliant with the eight-hour rule. Nonetheless, Battelle removed his HRP access authorization and informed him that he would need to stop taking pain medication for two years to regain HRP approval. He unsuccessfully requested a reasonable accommodation to continue taking pain medication, then unsuccessfully apply for other open Battelle positions. He was discharged in January 2019.

After his termination, Gonzales filed this lawsuit alleging race discrimination, disability discrimination, retaliation, and unlawful disclosure of confidential medical information. The case went to trial in August 2024. The jury found for Gonzales on the claims of discrimination based on perceived disability and retaliation, concluding that Battelle discriminated against him because he was regarded as having a disability—drug addiction—and retaliated against him for engaging in protected activity. The jury awarded $460,447.18 in damages.

Following the verdict, Battelle moved for judgement as a matter of law, and Gonzales moved for additional equitable relief in the form of reinstatement. Dkts. 160, 165. The Court denied judgment as a matter of law and ordered Gonzales reinstated. Dkts. 175, 176. Both rulings are being appealed. Battelle now asks the

Court to stay Gonzales' reinstatement while the appeal is pending.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d), a district court has discretion to stay an injunction pending appeal to preserve the status quo. The court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nkhen v. Holder*, 556 U.S. 418, 434 (2009); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). This test is applied flexibly, and a "strong showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). Ultimately, though, it is the applicant's burden to show that the factors support a stay. *Id.* at 433–34.

## ANALYSIS

Battelle has not met its burden for a stay pending appeal.

First, Battelle is not likely to succeed on the merits. Battelle's appeal hinges on the contention that certain personnel decisions made by private government contractors should receive the same deference that courts grant to sensitive executive-branch security determinations. As the Court explained in detail when denying Battelle's motion for judgment as a matter of law, *see* Dkt. 175, this

interpretation lacks doctrinal basis and contradicts binding Ninth Circuit precedent. *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 549-50 (9th Cir. 2011). While Battelle raises a somewhat novel legal question, the underlying principles are well established. Likewise, Battelle's arguments regarding the reviewability of fitness-for-duty determinations are contrary to plain language of the regulation at issue. *See* 10 C.F.R. § 1046.2(c). The Court will not linger on these substantive issues, which have been explored at length elsewhere. But it suffices to say that Battelle has not shown it is likely to succeed, nor even that it has "a substantial case on the merits." *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

    Second, Battelle will not be irreparably harmed absent a stay. The only harm that Battelle identifies is the obligation to pay Gonzales's wages and benefits. But Battelle will also benefit from his labor during this period. Further, his compensation of approximately $75,000 per year is trivial in the grand scheme of Battelle's operations. The company has not even attempted to argue that paying Gonzales during the pendency of the appeal could threaten its ability to operate; it describes his salary as an inconvenience, not a threat. *Cf. Baker Elec Co-op v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994) (finding irreparable economic harm from potential disruption of electrical services to Indian tribe).

    Third, a stay would significantly injure Gonzales. He was wrongfully terminated more than six years ago. Due to a variety of delays—including

**MEMORANDUM DECISION AND ORDER - 4**

Battelle's refusal to comply with this Court's discovery order, *see* Dkt. 60—trial did not take place until August 2024. Gonzales has waited a long time for relief. It would be unjust to now make him bear the costs and risks of Battelle's appeal.

Finally, the public interest does not support a stay. Battelle makes much of the danger that Gonzales supposedly poses due to his use of prescribed opiate medications while off duty. And certainly, the work of guarding nuclear materials is deeply sensitive. But Gonzales did this job for years while on the same medication regimen without any performance concerns at all—to the contrary, he consistently received positive evaluations. The whole point of this lawsuit is that he was fired not for genuine unfitness, but because certain Battelle decision-makers regarded him as a drug addict. Moreover, Battelle has the option to keep Gonzales's HRP authorization in temporary suspended status while it submits the case to the Department of Energy for a final determination. *See* 10 C.F.R. § 712. The public has an interest in the safeguarding of our nation's nuclear materials, but it also has an interest in the enforcement of our civil rights laws. A stay of Gonzales's reinstatement would do nothing for the former while harming the latter.

In sum, Battelle's appeal lacks a strong case on the merits, and the balance of equities tips in Gonzales's favor. For these reasons, the Court will deny Battelle's Motion to Stay Reinstatement of Plaintiff.

**MEMORANDUM DECISION AND ORDER - 5**

# ORDER

**IT IS ORDERED that** Defendant's Motion to Stay Reinstatement of Plaintiff (Dkt. 185) is **DENIED**.

DATED: June 2, 2025

B. Lynn Winmill
U.S. District Court Judge