UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROMAN T. GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>    Defendant. | Case No. 4:20-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff Roman T. Gonzales's Motion for Contempt for Defendant's Failure to Reinstate Plaintiff (Dkt. 196). For the reasons explained below, the Court will deny the Motion.

# BACKGROUND

In August 2024, a jury found for Mr. Gonzales on his claims of disability discrimination and retaliation against his former employer, Battelle Energy Alliance. After the trial, Mr. Gonzales moved for reinstatement, and Battelle moved for renewed judgment as a matter of law or, alternatively, a new trial. In February 2025, the Court denied Battelle's motion and ordered Mr. Gonzales reinstated. Battelle appealed and sought to stay reinstatement pending the appeal.

MEMORANDUM DECISION AND ORDER - 1

On June 2, 2025, this Court issued an order denying the motion to stay.

Counsel for Mr. Gonzales immediately wrote to Battelle to coordinate the reinstatement process. Battelle responded that it planned to seek a stay in the Ninth Circuit under Rule 8 of the Federal Rules of Appellate Procedure. By late July, however, Battelle still had not filed its Rule 8 motion. On July 29, Battelle informed Mr. Gonzales's counsel that it would finally submit the motion. On July 30, Mr. Gonzales filed the present Motion for Contempt. Battelle filed its Rule 8 motion on same day, sixty days after this Court's denial of the stay.

On August 27, 2025, the Ninth Circuit denied Battelle's Rule 8 motion. On September 3, Battelle sent Mr. Gonzales a reinstatement offer with a start date of September 8, though it apparently included several terms inconsistent with his previous position. The parties spent several weeks negotiating details—a process that included lengthy response delays from Battelle—and Mr. Gonzales reported for work on September 22, 2025.[1]

## LEGAL STANDARD

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to

---

[1] On January 5, 2026, Gonzales filed a second motion for sanctions related to post-reinstatement actions by Battelle. Dkt. 206. That motion presents independent issues, so there is no need to need to delay the Court's ruling on the present matter.

comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The "decision to hold a party in contempt of a court order rests with the sound discretion of the trial court." *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1022 (9th Cir.1985). A party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor (1) violated the court order, (2) beyond substantial compliance, and (3) without basis in a reasonable and good faith interpretation of the order. *Lab./Cmty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Once the movant makes this showing, the burden shifts to the alleged contemnor to "demonstrate why they were unable to comply." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). Civil contempt does not require a finding of willfulness. *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019).

Substantial compliance with a court order is a defense to civil contempt. *Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025). To establish a substantial-compliance defense, the alleged contemnor must show it "has taken all reasonable steps to comply with applicable court orders, resulting in merely technical or inadvertent violations of those orders. In other words, the substantial compliance defense excuses an alleged contemnor who, despite not achieving total compliance, has achieved near-total compliance through the exhaustion of all reasonable efforts." *Id.* (cleaned up). Civil contempt should also "not be resorted to where

there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct." *Taggart*, 587 U.S. at 561 (citing *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)) (emphasis in original).

## ANALYSIS

Gonzales' contempt motion hinges on Battelle's delay in complying with this Court's order of reinstatement. Dkt. 196-1 at 2. Gonzales has failed to show that Battelle violated the Court's order by clear and convincing evidence.

The record establishes that Battelle substantially complied with the Court's order for reinstatement, albeit in a rather unexemplary manner. Battelle informed Gonzales of its intent to seek a stay from the Ninth Circuit under Rule 8 and ultimately filed such motion on July 30. Although coordination between trial and appellate counsel resulted in a 60-day delay—and the Court does not endorse the pace of that effort—Battelle pursued appellate relief consistent with the Federal Rules of Appellate Procedure. After the Ninth Circuit denied the Rule 8 motion, Battelle promptly coordinated Gonzales' return to work, and he was ultimately reinstated in September. Based on this, the Court finds that Battelle substantially complied with the reinstatement order. For the same reasons, the Court also concludes that Battelle acted on a good-faith interpretation of the order. Because Gonzales has not shown a violation of the reinstatement order by clear and convincing evidence, the additional remedies he seeks—including coercive

sanctions, compensatory relief, and attorney's fees—are unwarranted.

The Court does not, however, accept Battelle's argument that that the absence of an express deadline in the reinstatement order renders the order insufficiently specific for contempt purposes. The omission of a deadline does not relieve a party of its obligation to promptly comply with a court order. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of courts must be complied with promptly."). And, as this Court has previously explained, "[a] court order is a court order, whether or not it contains a specific deadline for compliance. In other words, failure to comply with a court-ordered deadline may be sufficient, but is not necessary, for a finding of contempt." *Carbajal v. Hayes Mgmt. Serv., Inc.*, No. 4:19-cv-00287-BLW (D. Idaho Nov. 9, 2023). Nonetheless, given the lack of an explicit reinstatement deadline, and Battelle's stated intent to seek appellate relief, the Court finds a fair ground of doubt as to whether Battelle's conduct violated the reinstatement order. *See Taggart*, 587 U.S. at 561.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion for Contempt for Defendant's Failure to Reinstate Plaintiff (Dkt. 196) is **DENIED**.



DATED: February 3, 2026

_____
B. Lynn Winmill
U.S. District Court Judge